George PASSOPULOS, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.

No. 91–7219.

United States Court of Appeals, Eleventh Circuit.

Nov. 2, 1992.

644

Larry C. Moorer, Mobile, Ala., for plaintiff-appellant.

Ronald L. Paxton, Asst. Regional Counsel, Bruce R. Granger, Chief Counsel, Mary Ann Sloan, Mack A. Davis, Haila Naomi Kleinman, Office of the General Counsel, Dept. of Health and Human Services, Atlanta, Ga., for defendant-appellee.

Before TJOFLAT, Chief Judge, HATCHETT and BIRCH, Circuit Judges.

HATCHETT, Circuit Judge:

As a matter of first impression in this circuit, we hold that an Administrative Law Judge's (ALJ) reconsideration of evidence of mental impairment in a prior application, pursuant to regulations implemented under the Social Security Disability Benefits Reform Act of 1984 (DBRA) Public Law 98–460, does not constitute a reopening of the decision in the prior application.

## FACTS

On May 4, 1981, the appellant, George Passopulos, filed an application for supple-mental security income, alleging medical problems of angina, chest pain, enlarged liver, emphysema, leg swelling, and mental illness. The Secretary denied the application initially and upon reconsideration. Passopulos requested a hearing. Prior to the hearing on the application for supplemental security income, Passopulos filed another application for a period of disability and for disability insurance benefits. Because the second application involved similar claims of medical problems, the ALJ held a hearing on both claims. Passopulos did not appeal the hearing decision issued on October 5, 1982, and thus the decision became the final decision of the Secretary in regard to both applications.

On August 25, 1986, Passopulos filed a subsequent application for a period of disability and for disability insurance benefits, alleging an onset of disability on August 15, 1980, due to depression, heart disease, and emphysema. On October 15, 1986, the Secretary denied the application initially, and on January 27, 1987, denied it on reconsideration. On August 28, 1987, the ALJ conducted a hearing. On November 17, 1987, the ALJ issued a decision denying Passopulos's claim for benefits. Passopulos requested Appeals Council review, and on April 7, 1988, the Appeals Council denied review, making the hearing decision the final decision of the Secretary.

## PROCEDURAL HISTORY

On June 10, 1988, Passopulos filed this complaint in the United States District Court for the Southern District of Alabama, Southern Division. He alleged that the final decision of the Secretary denying his application for benefits was erroneous, arbitrary, capricious, an abuse of discretion, and not based upon substantial evidence. On November 6, 1990, a United States Magistrate Judge issued a recommendation that the final decision of the Secretary be affirmed. Over Passopulos's objections, the district court adopted the recommendation of the magistrate judge, and dismissed the action.

## CONTENTIONS OF THE PARTIES

Passopulos contends that the Administrative Law Judge in considering the current application: (1) reopened the decision on the prior application; (2) failed to discharge his special duty to develop a full and fair record; (3) failed to make specific findings on whether Passopulos's combined impairments rendered him disabled; (4) failed to refer to specific jobs available to persons with Passopulos's ailments; and (5) failed to make any findings of the effects of Passopulos's medications on his ability to work. Passopulos also contends that the ALJ who considered his prior application failed to disclose whether Passopulos was at any time notified of his statutory right to counsel.

The appellee responds that the ALJ decided Passopulos's claim properly, and contends that the issues of whether the second ALJ developed a full and fair record and whether the first ALJ notified Passopulos of his statutory right to counsel are procedurally barred.

## DISCUSSION

◼ We conclude that it would be inappropriate for this court to consider Passopulos's contentions that the ALJs failed to discharge the special duty to develop a full and fair record and failed to disclose whether Passopulos was notified of his statutory right to counsel because these issues have been raised for the first time on appeal. *See Wheeler v. Heckler,* 784 F.2d 1073, 1077 (11th Cir.1986); *Pierre v. United States,* 525 F.2d 933, 936 (5th Cir. 1976). We consider Passopulos's remaining contentions separately.

### I. Reopening of the 1982 Decision

◼ In this matter of first impression, we are asked to decide whether the Secretary's final decision will be deemed reopened if an ALJ, pursuant to regulations implemented under Public Law 98–460, reconsiders evidence on mental impairment presented in the first application in order to reach conclusions on the second application. The district court concluded that the ALJ did not reopen the 1982 final decision based

on the ALJ's specific ruling that he was not reopening that earlier decision, even though newly applicable regulations required him to consider some evidence presented in the earlier application.

Passopulos alleged both physical and mental impairments in his 1986 application for benefits. The ALJ concluded that the evidence of record regarding Passopulos's physical impairments did not provide any basis for reopening the prior decision. The ALJ, however, concluded that Public Law 98–460 precluded a dismissal of Passopulos's 1986 application based on *res judicata,* because Passopulos's new application raised a claim that he suffered from depression. The ALJ considered Passopulos's 1986 application in light of the regulations implementing Public Law 98–460. *See* 20 C.F.R. § 404.1520(a) (1992); 20 C.F.R. Part 404, Subpart P, Appendix 1 (1992). In doing so, the ALJ considered two reports of possible mental impairment that Passopulos presented in his prior application. After considering the two reports and newly proffered evidence on mental impairment, the ALJ concluded that Passopulos did not suffer from a severe mental impairment through the date he last qualified for benefits. Thus, we must decide whether the ALJ reopened Passopulos's first application where newly applicable regulations precluded the ALJ from dismissing the second application based on *res judicata,* and where the ALJ based the ultimate denial of the second application on some evidence presented in the first application.

In deciding this question, we review *de novo* the Secretary's legal conclusion that the ALJ's actions did not constitute reopening. *See Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir.1987) (recognizing that there is no presumption of validity that attaches to the Secretary's legal conclusions, including determinations of the proper standards to be applied in evaluating claims).

Generally, a final decision by the Secretary will be deemed reopened if it is "reconsidered on the merits to any extent and at any administrative level" *Cherry v. Heckler,* 760 F.2d 1186, 1189 (11th Cir.1985);

*Hall v. Bowen,* 840 F.2d 777, 778 (11th Cir.1987). The ALJ, however, must be allowed some leeway to evaluate how newly presented evidence relates back to the prior application in order to determine whether to reopen the case pursuant to 20 C.F.R. §§ 404.988, 404.989. *Hall,* 840 F.2d at 778; *Cherry,* 760 F.2d at 1189. Specifically, this court has held that an ALJ does not reopen a prior final decision when the ALJ evaluates evidence presented in support of the original application solely to make a reasoned determination of its *res judicata* effect on the second application. *Cherry,* 760 F.2d at 1189. Alternatively, this court has suggested that the Secretary's final decision will be deemed reopened if the ALJ does not apply *res judicata* and bases an ultimate determination on a review of the record in the prior application. *Cherry,* 760 F.2d at 1189 (citing with approval *Brown v. Heckler,* 565 F.Supp. 72, 74 (E.D.Wis.1983)).

■ This court suggested in *Cherry,* 760 F.2d at 1189, that the Secretary's final decision will be deemed reopened if the ALJ does not apply *res judicata* and bases an ultimate determination on the record of the prior application. The court, however, was not then faced with a case where newly applicable regulations required the ALJ's decision not to apply *res judicata.* We now hold that an ALJ who considers evidence presented in a prior application, where newly applicable regulations require reconsideration, does not reopen a prior final decision.

■ The decision we have reached is consistent with Congress's intent. In passing the Social Security Disability Benefits Reform Act of 1984, Public Law 98–460, Congress did not intend to authorize the relitigation of claims decided prior to the enactment of the DBRA. The DBRA provides specifically that any determination that an individual was not under a disability resulting from a mental impairment, after the date of enactment of the DBRA and prior to the date of the promulgation of its implementing regulations, be redetermined as soon as feasible. DBRA, Pub.L. 98–460 § 5(c)(1), 98 Stat. at 1801–1802 (1984); *see*

H.R.Rep. No. 98–618, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.C.C.A.N. 3038, 3052–53. Congress enacted the DBRA on October 9, 1984, and the revised mental regulations became effective on August 28, 1985. *See* 20 C.F.R. § 404.1520(a) (1992); 20 C.F.R. Part 404, Subpart P, Appendix 1 (1992). Passopulos's claims fell outside of Congress's intended window of relitigation since the Secretary issued a prior final decision before the enactment of DBRA, and Passopulos filed his current application after the effective date of the revised mental regulations.

■ In addition, section 5(c)(3) of the DBRA provides that any individual with a mental impairment who is found not to be disabled pursuant to an initial disability determination made between March 1, 1981, and October 9, 1984 may be found disabled upon reconsideration. Section 5(c)(3), however, provides that the reapplication has to be filed within one year of October 9, 1984. DBRA, Pub.L. 98–460 § 5(c)(3), 98 Stat. at 1802; *see* H.R.Rep. No. 98–618, U.S.C.C.A.N. at 3052–53. Here, the initial disability determination on Passopulos's prior claim fell within the time frame set out in DBRA § 5(c)(3). But, Passopulos did not file his reapplication until August 25, 1986, well beyond the one-year refiling period.

■ Beyond the circumstances expressly provided in the DBRA, Congress has notexpressed a general intent that claimants be allowed to relitigate a final decision by the Secretary in a Social Security disability case. On the contrary, Congress's decision to limit judicial review to the original decision denying benefits is evidence of "a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims." *Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1970) (recognizing that the opportunity to reopen final decisions is afforded by the Secretary's regulations and not by the Social Security Act itself); *see* 42 U.S.C. § 405(g) (1992); 20 C.F.R. §§ 404.987–404.-989 (1992). This court is bound to respect Congress's policy choice to forestall litigation of stale eligibility claims. *See Sand-*

*ers,* 430 U.S. at 108, 97 S.Ct. at 986; *Bloodsworth v. Heckler,* 703 F.2d 1233, 1238 (11th Cir.1983) (recognizing that the "reopening of a case is an extraordinary measure, affording the opportunity of a second excursion through the decision-making process" and should be allowed only for specific and substantial reasons afforded in accordance with the Secretary's regulations). Having concluded that Congress did not intend that persons in Passopulos's situation be permitted to relitigate prior applications based on the newly applicable law on mental impairments, we next examine whether the Secretary's regulations provide for a reopening in these circumstances.

A review of the regulations convinces us that the Secretary did not intend that the regulations on reopening permit the relitigation of a final decision merely because of a change in the applicable law. Section 404.989(b) instructs us particularly in this regard, providing: "We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made." 20 C.F.R. § 404.989(b) (1992). Although not specifically speaking to a change in the laws such as that created by the DBRA, section 404.989(b) does indicate that the Secretary has not promulgated regulations that become an avenue for claimants to relitigate stale disability claims, thereby respecting Congress's policy choice.

■ The significance of the Secretary's intent in promulgating the reopening regulations cannot be underemphasized in this matter. Again, the Secretary's regulations afford the opportunity to reopen a final decision in a social security disability case, not the Social Security Act. *See Sanders,* 430 U.S. at 108, 97 S.Ct. at 985. Therefore, if this court extends the bonus remedial opportunity beyond its intended boundaries, the court runs the risk of forcing the Secretary to repeal the reopening regulations entirely in order to avoid the burdensome intrusion on the finality of its decisions. We decline to initiate this chain of

events which would ultimately result in social security claimants being denied this bonus opportunity. Accordingly, we hold that an ALJ does not reopen a final decision as a matter of law, when newly applicable regulations preclude the ALJ from dismissing a second claim based on *res judicata* and considers evidence presented in the prior application solely to comply with the newly applicable regulations.

A different result may obtain in a case where the ALJ's compliance with the new regulations results in a finding that the claimant is now disabled, forcing a complete reevaluation of all evidence presented in the prior application. In this case, the ALJ reconsidered evidence relevant under the new regulations on mental impairment and concluded that Passopulos did not have a severe mental impairment through the date he last qualified for benefits. Thus, the ALJ was not required to evaluate the effect of an actual mental impairment on the prior decision that Passopulos is able to do a full range of light work.

We also note that our ruling on this matter is consistent with the effect of this court's prior decisions on reopening under 20 C.F.R. §§ 404.987–404.989. The effect of our rulings on de facto reopenings was to restrain the discretion of ALJs to disregard the regulations and declare that a reopening has not occurred when a reopening has, in fact, occurred. *See Hall,* 840 F.2d at 778; *Cherry,* 760 F.2d at 1189. Hence, our aim was to demand compliance with the Secretary's regulations on reopening. We did not seek to extend the bonus opportunity to reopen a final decision beyond the boundaries which the Secretary deems workable. Today, we merely limit the instances where de facto reopening will be recognized to the circumstances which the Secretary deems workable as particularly evidenced in section 404.989(b).

II. Combined Effect of Impairments, Effect of Medications, Specific Reference to Available Jobs

■ A. In light of our conclusion that the Secretary did not reopen the 1982 final decision, we need only consider Passopu-

los's remaining claims as they challenge the second ALJ's consideration of Passopulos's case. The district court did not err in approving this decision denying Passopulos's second claim for disability benefits. The ALJ specifically found that Passopulos did not have an impairment or combination of impairments listed in or medically equal to one listed in the new regulations on mental impairment. In making this determination, the ALJ also expressly considered the combined effect of Passopulos's alleged mental illness on his physical impairments as already established in the 1982 final decision. The ALJ was not required to go back and consider Passopulos's claims of physical impairment individually because, as previously noted, the ALJ had determined that Passopulos had not shown good cause for reopening the 1982 final decision. Thus, the ALJ made a proper determination on the combination issue before concluding that Passopulos did not have an impairment or combination of impairments which rendered Passopulos disabled. *See Jones v. Bowen*, 810 F.2d 1001, 1006 (11th Cir.1986); *Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir.1986); 20 C.F.R. § 404.1523 (1992).

■ B. Passopulos's claim that the ALJ failed to elicit testimony and make findings regarding the effect of Passopulos's prescribed medications on his ability to work relates solely to his prior application. The ALJ did not have any evidence that Passopulos was taking medication for a mental impairment which caused side effects for his consideration. *See generally Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990) (holding that an ALJ's determination on side effects was proper where the claimant did not complain about side effects nor did the record disclose any concerns about side effects by the doctors examining the claimant). Hence, Passopulos's arguments on the ALJ's failure to elicit testimony and make findings on the effect of prescribed medications and their side effects are completely without merit. We affirm the district court on this issue. 11th Cir.R. 36-1; *United States v. Perchitti*, 955 F.2d 674, 675 (11th Cir.1992).

■ C. Finally, the ALJ properly used the Medical Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, appendix II (the grids) to determine the existence of jobs in the national economy which Passopulos was capable of performing. This court has recognized that the grids may be used in lieu of vocational testimony on specific jobs if none of the claimant's nonexertional impairments are so severe as to prevent a full range of employment at the designated level. *Walker v. Bowen*, 826 F.2d 996, 1002-03 (11th Cir.1987); *Reeves v. Heckler*, 734 F.2d 519, 524 (11th Cir.1984); *compare Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir.1985) (recognizing that an administrative law judge should make specific findings on job availability when the claimant's nonexertional impairment is severe enough to preclude a wide range of employment at the designated level). The ALJ specifically found that Passopulos's nonexertional limitations did not significantly affect his residual functional capacity in any manner that would erode Passopulos's ability to perform a full range of light work. Hence, the district court did not err in approving the ALJ's utilization of the grids in lieu of specific vocational testimony.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.