Kimberly STEVENSON, Plaintiff,

v.

Kenneth S. APFEL, Defendant.

No. Civ.A.1:99–CV–28–WBH.

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 29, 1999.

Pamela Ilene Atkins, Galler & Atkins, Atlanta, GA, for Kimberly Stevenson, plaintiff.

Julia B. Anderson, Office of United States Attorney, Atlanta, GA, for Kenneth S. Apfel, defendant.

## ORDER

HUNT, District Judge.

This action is before the Court on the Magistrate Judge's Report and Recommendation. No objections have been filed to the Report and Recommendation; accordingly, it is reviewed for plain error only. *United States v. Slay,* 714 F.2d 1093 (11th Cir.1983), *cert. denied,* 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984). Finding none, the Court ADOPTS AS ITS ORDER the Magistrate Judge's Report and Recommendation [12]; accordingly, the Commissioner's decision denying benefits is REVERSED. The Clerk is DIRECTED to REMAND this case back to the Commissioner for calculation and payment of benefits, and to close this case. Additionally, defendant's motion to remand on the merits [10] is DENIED.

1. This application was the second one filed by Plaintiff. [Doc. 8, pp. 1–2]. In a decision issued on January 13, 1995, Plaintiff was awarded disability benefits for a period from

## REPORT AND RECOMMENDATION

KING, United States Magistrate Judge.

Plaintiff in the above-styled case brings this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of the Social Security Administration which denied her application for Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. For the reasons set forth below, the undersigned **RECOMMENDS** that the decision of the Commission denying benefits be **REVERSED** and that this action be **REMANDED** for calculation and payment of benefits.

### I. Procedural History

Plaintiff Kimberly Stevenson filed an application for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income on March 23, 1995.[1] [R. atA 227–29, 243–46]. Her applications were denied initially and upon reconsideration. [R. at 230–41]. On February 3, 1997, a hearing was held before an Administrative Law Judge ("ALJ"). [R. at 27–71]. The ALJ determined that Plaintiff was not entitled to benefits and issued his decision on April 21, 1997. (R. at 14C–19). Plaintiff requested review by the Appeals Council, which, in a notice dated November 12, 1998, denied the request. (R. at 6–10). As a result, the decision of the ALJ stands as the final decision of the Commissioner, making it subject to judicial review. Plaintiff thereafter filed her complaint for judicial review in this court.

### II. Statement of Facts

Plaintiff Kimberly Stevenson was born on March 31, 1962, making her thirty-five (35) years old at the time of the hearing. [R. at 18B]. She has a high school education and has worked as an encoder for a

November 15, 1991, through November 8, 1993. [R. at 216–224]. There is no evidence that Plaintiff sought review of this decision. [R. at 15].

printer, office inventory clerk, and egg picker. [R. at 15]. Plaintiff has not engaged in substantial gainful activity since November 15, 1991, and claims to experience depression, along with pain in her back, legs, and ankles. [R. at 15–15A].

On December 3, 1991, an MRI revealed a central protruding disc at L5–S1, a right paramedian disc herniation with possible encroachment on the right S1 nerve root, and minimal herniation at L3–4. [R. at 320–22]. Because of these problems, Plaintiff received an epidural steroid injection on December 18, 1991. [R. at 323–34]. In July of 1993, Plaintiff underwent spine fusion surgery. [R. at 337]. Although the fusion appeared to be solid, Plaintiff saw Dr. Michael Kalson for complaints of back pain in May of 1994 and February of 1995. [R. at 335–37]. On April 20, 1995, Plaintiff's height was measured at 64.5 inches and her weight was recorded as 246 pounds. [R. at 338]. Plaintiff was seen by a number of physicians throughout 1995 for back pain, leg pain, and depression. [R. at 339–65]. She was given a variety of medications to help her deal with these problems. [Id.].

On October 29, 1996, Plaintiff was seen by a psychologist, Dr. David Bailey, at the request of the Social Security Administration's Disability Adjudication Section. [R. at 366]. Dr. Bailey administered a consultative psychological examination and evaluation. [R. at 366–74]. Plaintiff was administered the Wechsler Adult Intelligence Scale–Revised (WAIS–R) examination, which revealed a verbal scale IQ, performance IQ, and full scale IQ of 83, 114, and 94, respectively. [R. at 370]. Plaintiff was found to have sixth grade level reading skills and fifth grade level arithmetic skills. [Id.]. Plaintiff was diagnosed with "major depression, recurrent, moderate to severe"; "anxiety disorder NOS"; and "R/O learning disorder, NOS." [R. at 371].

Based on his examination, Dr. Bailey completed a form entitled "Medical Assessment of Ability to Do Work–Related Activities (Mental)." [R. at 373]. The document, Form SSA–1152, is a standard form published by the Social Security Administration. [Id.]. Dr. Bailey rated Plaintiff's ability as "very good" or "good" in understanding and following instructions, following work rules, relating to co-workers, using judgment, interacting with supervisors, maintaining concentration and attention, and maintaining personal appearance. [R. at 373–74]. Plaintiff's ability was rated as "fair" in dealing with the public, dealing with work stresses, functioning independently, behaving in an emotionally stable manner, relating predictably in social situations, and demonstrating reliability. [Id.]. Form SSA–1152 defines "fair" as "seriously limited, but not precluded." [Id.]. The other classifications on the form are: "poor or none," defined as "no useful ability to function in this area"; "good," defined as "limited to satisfactory"; and "unlimited or very good," defined as "more than satisfactory." [Id.].

### III. Standard of Review

An individual is considered to be disabled for the purposes of SSI payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A). The impairment or impairments must result from anatomical, psychological, or physiological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques and must be of such severity that the claimant is not only unable to do her previous work but cannot, considering age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2) and (3).

The scope of judicial review of the Commissioner's decision is limited. The court's function is (1) to determine whether the record, as a whole, contains substantial evidence to support the findings

and decision of the Commissioner and (2) whether the Commissioner applied proper legal standards. *Vaughn v. Heckler*, 727 F.2d 1040, 1042 (11th Cir.1984). Substantial evidence is more than a scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983).

██ The claimant has the initial burden of establishing the existence of a "disability" by demonstrating that she is unable to perform her former type of work. If the claimant satisfies her burden of proving disability with respect to her former type of work the burden shifts to the Commissioner to demonstrate that the claimant, given her age, education, work experience, and impairment, has the capacity to perform other types of jobs which exist in the national economy. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir.1983).

Under the regulations as promulgated by the Commissioner, a five (5) step sequential procedure must be followed when evaluating a disability claim. 20 C.F.R. §§ 404.1520(a) and 416.920(a). In the sequential evaluation, the Commissioner must consider in order: (1) whether a claimant is gainfully employed, 20 C.F.R. §§ 404.1520(b) and 416.920(b); (2) whether claimant has a severe impairment which significantly limits her ability to perform basic work-related functions, 20 C.F.R. §§ 404.1520(c) and 416.920(c); (3) whether claimant's impairments meet the Listing of Impairments, 20 C.F.R. §§ 404.1520(d) and 416.920(d); (4) whether claimant can perform her past relevant work, 20 C.F.R. §§ 404.1520(e) and 416.920(e); and (5) whether claimant is disabled in light of age, education, and residual functional capacity, 20 C.F.R. §§ 404.1520(f) and 416.920(f). If, at any step in the sequence, a claimant can be found disabled or not disabled, the sequential evaluation ceases and further inquiry ends. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

## IV. Findings of the ALJ

The ALJ made the following findings of fact.

1. The question of whether the claimant was disabled from November 15, 1991, through January 13, 1995, is governed by the doctrine of *res judicata.*

2. The claimant met the disability insured status requirements of the Act on November 15, 1991, the date the claimant stated she became unable to work, and continued to meet them through March 31, 1996, but not thereafter.

3. The claimant has not engaged in substantial activity since November 15, 1991.

4. The medical evidence establishes that the claimant has severe degenerative disc disease, depression and obesity, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Title 20 of the Code of Federal Regulations.

5. The testimony of the claimant is credible to the extent that it supports the conclusion that the claimant is able to perform at least sedentary work subject to a sit-stand option.

6. The claimant has the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for standing or sitting for more than two hours at a time or for more than four hours each in an eight-hour day. The claimant is able to lift and carry ten pounds on an occasional basis but is unable to bend or twist. The claimant cannot understand and follow detailed or complex job instructions (20 C.F.R. § 404.1545 and 20 C.F.R. § 416.945).

7. The claimant is unable to perform her past relevant work.

8. The claimant's residual functional capacity for the full range of sedentary work is reduced by the functional limitations set forth in Finding Number Six and the clinical record.

9. The claimant is 35 years old, which is defined as a younger individual (20 C.F.R. § 404.1563 and 20 C.F.R. § 416.963).

10. The claimant has a high school education (20 C.F.R. § 404.1564 and 20 C.F.R. § 416.964).

11. The claimant does not have any acquired work skills, which are transferable to the skilled or semi-skilled work functions of other work (20 C.F.R. § 404.1568 and 20 C.F.R. § 16.968).

12. Based on an exertional capacity for sedentary work and the claimant's age, education, and work experience, 20 C.F.R. § 404.1569, 20 C.F.R. § 416.969, Rule 201.27 and Rule 201.28, Table No. 1, of Appendix 2, Subpart P, Title 20 of the Code of Federal Regulations would direct a conclusion of "not disabled."

13. Although the claimant's additional nonexertional limitations do not allow her to perform the full range of sedentary work, using the above-cited rule as a framework for decisionmaking, there are a significant number of jobs in the national economy which she could perform. Example of such jobs are: bench assembly, small items sorter, and small items packer. Each of these jobs exist in the thousands in the national economy and the hundreds in the regional economy.

14. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § 404.1520(f) and 20 C.F.R. § 416.920(f)).

[R. at 18A–18B].

## V. Discussion

■ Plaintiff argues that the ALJ's decision should be reversed and that she should be awarded benefits. Plaintiff claims that when the ALJ gave his hypothetical question to the vocational expert ("VE") at the hearing, he changed the definition of "fair" as it was defined on the medical assessment form completed by Dr. Bailey. [Doc. 11, pp. 13–14]. By doing so, according to Plaintiff, the ALJ discredited the opinion of Dr. Bailey without offering an explanation for doing so. [*Id.*]. Plaintiff further claims that the VE testified that no jobs exist which Plaintiff can perform, given a correct understanding of Dr. Bailey's uncontroverted opinion, and that, therefore, Plaintiff is "disabled." [*Id.*]. According to Plaintiff, reversal is the appropriate remedy as the record has been fully developed, and Plaintiff is entitled to the payment of benefits. [*Id.*]. Commissioner seeks a remand for further evaluation by the ALJ. [Doc. 10]. The Commissioner argues that remand and not reversal is warranted because the ALJ did not discuss step three (3) of the sequential evaluation and because Plaintiff might be able to meet the requirements of listing 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 9.09, which concerns obesity.

The Commissioner's argument in favor of remand is not persuasive. First, the Social Security Administration has announced that it is deleting listing 9.09 as a basis for eligibility, effective October 25, 1999. *See* Federal Register August 24, 1999, Vol. 64, No. 163, pp. 46122–46129. As Plaintiff accurately points out, "It appears as though the Commissioner is attempting to have the case remanded ... based on a listing which would not allow for continued receipt of benefits in the future even if Plaintiff succeeded in proving disability under listing 9.09." [Doc. 11, p. 2 n. 1]. Moreover, the court finds that

Plaintiff is disabled based on grounds other than obesity, namely the testimony of a VE that no jobs exist which Plaintiff can perform, given the nonexertional impairments described by an examining psychologist. For these reasons, discussed *infra*, the court recommends that this case be reversed for calculation and payment of benefits.

As the court previously noted, Plaintiff underwent a psychological examination at the request of the Social Security Disability Adjudication Section, which was administered by Dr. Bailey. The psychologist completed a form entitled "Medical Assessment of Ability to Do Work–Related Activities (Mental)" and rated Plaintiff's ability as "fair" in the following areas: dealing with the public, dealing with work stresses, functioning independently, behaving in an emotionally stable manner, relating predictably in social situations, and demonstrating reliability. [R. at 373–74]. Form SSA–1152 defines "fair" as "seriously limited, but not precluded." [*Id.*]. A rating of "good" is defined as "limited to satisfactory" and a rating of "unlimited or very good" is defined as "more than satisfactory." [*Id.*].

In issuing his decision, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") for the exertional requirements of sedentary work subject to a sit-stand option. [R. at 17B]. Had Plaintiff retained the RFC for the full range of sedentary work, Rule 201.27 and Rule 201.28 of the grids (20 C.F.R. Part 404, Subpart P, Appendix 2) would direct a finding of "not disabled," given Plaintiff's age, education and work experience. Because Plaintiff has nonexertional limitations that significantly limit her basic work activities, however, the ALJ did not rely exclusively on the grids. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir.1996); *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir.1995); *Passopulos v. Sullivan*, 976 F.2d 642, 648 (11th Cir.1992); *Welch v. Bowen*, 854 F.2d 436, 439–40 (11th Cir. 1988) (per curiam). Instead, he properly used the grids as a framework for his decision and introduced evidence in the form of a VE's testimony as to the "existence [and non-existence] of jobs in the national economy that the claimant can perform." *Wolfe*, 86 F.3d at 1077–78; *accord Foote*, 67 F.3d at 1559; *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986).

The ALJ asked the VE a hypothetical question which was based on Dr. Bailey's opinion that Plaintiff has a "fair" mental ability to do a number of work-related activities. [R. at 61–62]. In response to this, the VE stated, "The definition of fair, if I could have that please?" [R. at 62]. The ALJ stated that "fair" meant "satisfactory ... seriously limited but satisfactory." [R. at 63]. The VE testified, "Assuming that it's satisfactory, I think there would be work she could perform." [R. at 64]. The VE testified that one of the jobs Plaintiff could perform was that of a bench assembler, with over a million jobs in the national economy. [*Id.*].

When Plaintiff's counsel questioned the VE, she asked him to assume the same limitations as described by the ALJ in his hypothetical. However, Plaintiff's counsel defined "fair" as "seriously limited but not precluded and by implication is, is not—to the extent that it is seriously limited is not satisfactory because the very goods [sic] and good definition do include the definition of limited to satisfactory...." [ at 65]. Based on this definition of "fair," the VE testified that there are no jobs in the national economy that Plaintiff can perform. [R. at 65]. When asked why no jobs exist for such a person, the VE stated that the most significant reason was Plaintiff's less than satisfactory rating in the area of reliability. The VE testified:

> The issue—primary issue is whether she is showing up for work.... That's reliability.... If, if she is not showing up for work on such a basis that would make her work satisfactory ... then I don't believe there is work she would be able to perform. Now the remainder of the

items marked fair just continue to take away or chop away at that. [R. at 65].

■ On Form SSA–1152, both "very good" and "good" include the term "satisfactory." [R. at 373]. "Good" is defined as "limited to satisfactory." [*Id.*]. "Fair" does not include the term "satisfactory." [*Id.*]. Therefore, it seems clear that "fair" means something less than "limited to satisfactory." Although the ALJ wrote in his decision that Plaintiff has a "fair" (i.e., less than satisfactory) ability to do a number of work-related activities [R. at 18], he told the VE to assume that "fair" meant "seriously limited but satisfactory." [R. at 63]. By doing this, the ALJ effectively changed Dr. Bailey's evaluation of Plaintiff's mental ability to do work-related activities. The ALJ did not explain why he decided to do this. Nor did he offer any evidence showing that Dr. Bailey intended to use a definition of "fair" not found on Form SSA–1152 or that Dr. Bailey misunderstood the form. Thus, "the ALJ improperly substituted his judgment of the claimant's condition" for that of the examining psychologist. *Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir.1982).

Although the Eleventh Circuit has not addressed the meaning of the word "fair" as it is used on this standard Social Security form, the Tenth Circuit addressed the issue in *Cruse v. U.S. Dept. of Health and Human Svcs.*, 49 F.3d 614 (10th Cir.1995). In *Cruse*, the Secretary referred the claimant to two (2) psychologists for examinations. *See id.* at 616. Each psychologist completed a form entitled "Medical Assessment of Ability To Do Work–Related Activities (Mental)," apparently the same form that Dr. Bailey completed in the present case. *See id.* at 618. Both psychologists rated many of the claimant's abilities as "fair." Because the form defined "fair" as "seriously limited but not precluded," the court found the term to be "essentially the same as the listing requirements' definition of the term 'marked.'" *Id.* (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00 C., 12.04 B.).

The Tenth Circuit court wrote, "[t]he ALJ misinterpreted [the psychologists'] evaluations of Ms. Cruse's abilities to the extent they described those abilities as 'fair' .... The ALJ apparently considered 'fair' as being evidence of ability. As that term is defined on the medical assessment form, we hold it is evidence of disability." *Id.*

In the present case, the only assessment of Plaintiff's mental ability to do work-related activities is Dr. Bailey's psychological evaluation. This assessment is uncontroverted. The VE testified that no jobs exist for a person with the limitations described by Dr. Bailey, if "fair" is defined as "seriously limited but not precluded" and unsatisfactory. [R. at 65]. Based on this testimony, and the fact that the term "fair," as defined by the medical assessment form, clearly implies an unsatisfactory ability, the undersigned finds that the Commissioner has failed to satisfy step five (5) of the sequential evaluation and that Plaintiff is disabled. Because the record appears to be fully developed, the undersigned also finds that reversal is appropriate and that Plaintiff is entitled to benefits. *See Durham v. Apfel*, 34 F.Supp.2d 1373, 1381 (N.D.Ga.1998) ("Reversal is warranted where the record is fully developed and, upon the application of the correct legal standards, the claimant is entitled to benefits.").

## VI. Conclusion

For all the foregoing reasons and cited authority, the court **RECOMMENDS** that the decision of the Commission denying benefits be **REVERSED** and that this action be **REMANDED** for calculation and payment of benefits.

October 4, 1999.