[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12696
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 3, 2010
JOHN LEY
CLERK

D.C. Docket No. 6:09-cv-00562-DAB


GORDONNA MARIE WALKER,

                                                     Plaintiff-Appellant,

                        versus


COMMISSIONER OF SOCIAL SECURITY,

                                                     Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 3, 2010)

Before BLACK, HULL and WILSON, Circuit Judges.

PER CURIAM:

Gordonna Walker appeals the district court's order affirming the Social Security Commissioner's denial of her application for disability insurance benefits and supplemental security income ("SSI") benefits. On appeal, Walker argues that the Administrative Law Judge ("ALJ") and the Appeals Council failed to properly address evidence of the side effects of her medications. After review, we affirm.

## I. BACKGROUND

In 2005, Walker filed an application for disability and SSI benefits alleging an onset date of April 15, 2002. Walker alleged that she was disabled due to arthritis, pain in her neck and lower back, knee pain, diabetes mellitus, asthma, obesity and depression.

### A. Medical Records

Walker's medical records indicate that between January 2006 and September 2008, Walker was treated for, inter alia, neck pain, high blood pressure, hypothyroidism, depression, and diabetes. Among the symptoms Walker sometimes reported to her doctors were weight gain, headaches, muscle and joint pain, blurred vision, chest pain, shortness of breath, fatigue, nausea, diarrhea, fever and sore throat. However, none of Walker's treating physicians indicated that any of these symptoms were attributed to Walker's medications or noted any complaints or concerns about medication side effects. On two occasions, Walker

reported having hallucinations and told her doctor that when she discontinued taking Wellbutrin (prescribed for her depression), the hallucinations stopped.

## B. Reports to Social Security Administration

Between November 2005 and September 2007, Walker submitted a series of disability reports, which among other things listed her medications and side effects. In a November 2005 disability report, Walker reported taking nine different medications, but listed no side effects from any of them.[1] In a March 2006 disability report, Walker reported taking twelve medications and stated that her side effects included drowsiness, diarrhea, nausea, edema, dry mouth, dizziness, headaches, increased heart rate, and coughing.[2] In a June 2006 report, Walker's only reported medication side effect was drowsiness caused by two medications.[3] In a September 2007 disability report, Walker listed nine medications and stated she was not experiencing any side effects. Additionally, in

---

[1]Walker reported taking Diovan for hypertension, Synthroid for hypothyroidism, Xanax for depression and anxiety, Restoril for insomnia, Lortab for chronic pain, Soma as a muscle relaxer, Mobic for arthritis, Neurontin for chronic pain and Methylprednisone.

[2]Walker reported taking Neurontin for pain; Glucophage, Avandia and Glipizide for diabetes; Diovan and Clonodine and Hydrochlorthiazide for hypertension; Synthroid for hypothyroidism; Lipitor for high cholesterol; Zoloft for depression and anxiety; and Albuterol and Azmacort for asthma. According to Walker, the Neurontin caused drowsiness; the Glucophage caused diarrhea and nausea; the Avandia caused edema; the Clonidine caused dry mouth, drowsiness, nausea and dizziness; the Lipitor caused headaches; the Albuterol caused increased heart rate and cough; and the Azmacort caused dry mouth and throat and cough.

[3]Walker reported that Clonidine and Amitriptyline caused drowsiness.

a questionnaire completed on November 11, 2005, Walker noted that her medications made her feel groggy, clumsy, tired, moody, "sometimes a little disoriented," and sometimes gave her stomach problems.

## C. Hearing Testimony

At an October 21, 2008 hearing, Walker testified about her medical impairments. Walker described her subjective complaints, such as pain in her hands and knees, muscle spasms, inability to sleep, social isolation, poor memory and concentration, and occasional visual hallucinations. Walker said that medications helped limit her hallucinations to once every few weeks, but that she could not always afford the medications. She also was able to ignore the hallucinations when they occurred.

Walker testified about various other medications she was taking and whether they were effective. When asked whether she had any side effects from her medications, Walker responded, "Sometimes with the headaches. I get dizzy sometimes." Walker was not sure which medication caused her dizziness.

## D. ALJ's Decision

The ALJ issued a decision denying Walker's application. Using the five-step sequential process for analyzing disability claims, the ALJ found, at step one, that Walker had not engaged in substantial gainful activity since April 15, 2002,

and, at step two, that Walker suffered from the following severe impairments: poly-arthritis with history of rheumatoid arthritis, bilateral knee pain, hypertension, diabetes mellitus, hyperthoidroidism controlled with medication, cervical degenerative joint disease, history of chronic obstructive pulmonary disease, history of congestive heart failure, morbid obesity, and tobacco abuse. The ALJ referenced, inter alia, eleven medications prescribed for Walker. At step three, the ALJ found that the combination of Walker's impairments did not meet or equal a listed impairment.

At step four, the ALJ found that Walker had the residual functional capacity to perform light work. The ALJ noted specifically that when assessing the credibility of Walker's statements regarding her symptoms, he was required to consider, inter alia, the type, dosage, effectiveness, and side effects of any medication that she was taking or had taken to alleviate pain or other symptoms. The ALJ summarized Walker's testimony, noting that (1) Walker's medication for high blood pressure sometimes made her dizzy and caused headaches, (2) Walker had been prescribed Effexor and Elavil and took Lortab for pain, and (3) while she occasionally experienced hallucinations, she had learned to ignore these episodes.

The ALJ found that Walker's medically determinable impairments could reasonably be expected to produce the symptoms she alleged. However, the ALJ

concluded that Walker's "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely credible." The ALJ noted that Walker's testimony as to the severity of her symptoms was inconsistent with several physicians's opinions (including her treating physician) that she was able to perform light to medium exertional work, her reported range of activities of daily living and her lack of complaints in her medical records. Accordingly, the ALJ concluded that Walker "retain[ed] the capacity for light exertion, consistent with her residual functional capacity," which included her past relevant work as an office clerk and cashier. Thus, the ALJ concluded that Walker was not disabled.

## E. Appeals Council

Walker requested review by the Appeals Council, arguing that the ALJ had failed to make findings as to the effects of Walker's medications on her ability to work. Walker submitted pharmacy information sheets and excerpts from the Physicians' Desk Reference that listed the known side effects for some of the medications she was taking.[4]

In its Notice of Appeals Council Action, the Appeals Council: (1) explained that it would grant a request for review if it received "new and material evidence

---

[4]Specifically, Walker submitted information for Metformin (nausea), Clonidine (drowsiness and dry mouth), Hydrochlorothiazide (dizziness), Venlafaxine (nausea, dizziness, dry mouth and insomnia), Synthroid (headache, diarrhea and insomnia).

and the decision is contrary to the weight of all the evidence now in the record";
(2) noted that it had received and considered Walker's new evidence, which it
made part of the record; and (3) denied Walker's request for review because it
"found that this information does not provide a basis for changing the
Administrative Law Judge's decision."

## F.     District Court Proceedings

Walker sought judicial review in the district court, arguing, <u>inter alia</u>, that
the ALJ and the Appeals Council had not made the necessary findings and had not
applied the correct legal standard with regard to her medication side effects.  The
district court affirmed the Commissioner's decision.  Walker appealed to this
Court.

## II.  DISCUSSION

## A.     Standards for Evaluating Medication Side Effects

In determining whether a claimant's impairments limit her ability to work,
the ALJ considers the claimant's subjective symptoms, which includes the
effectiveness and side effects of any medications taken for those symptoms.  20
C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv).  We have concluded that, under
certain circumstances, an ALJ's duty to develop a full record can include
investigating the side effects of medications.  <u>Compare</u> <u>Cowart v. Schweiker</u>, 662

7

F.2d 731, 737 (11th Cir. 1981) (concluding that ALJ failed to fully develop record where pro se claimant testified that she took eight different prescription medications and was "kind of zonked most of the time" and ALJ failed to either elicit testimony or make findings regarding effect of medications on her ability to work), with Passopulos v. Sullivan, 976 F.2d 642, 648 (11th Cir. 1992) (concluding that ALJ did not fail to develop record where claimant did not present evidence he was taking medication that caused side effects), and Cherry v. Heckler, 760 F.2d 1186, 1191 n.7 (11th Cir. 1985) (concluding Secretary, upon reopening, did not have duty to further investigate side effects of counseled claimant's medications where claimant did not allege side effects contributed to her disability and stated only that her medication made her drowsy).

However, the ALJ's obligation to develop the record does not relieve the claimant of the burden of proving she is disabled. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). Thus, the claimant must introduce evidence supporting her claim that her symptoms (including any medication side effects) make her unable to work. See id.

**B.    ALJ's Decision**

Here, the ALJ applied the correct legal standards and adequately developed the record regarding the effect of Walker's symptoms, including medication side

effects, on her ability to work. During the hearing, Walker was asked about her medications and any side effects. The only side effects Walker said she experienced were dizziness and headaches. The ALJ noted this testimony in his decision and also correctly stated that medication side effects are relevant to, and should be examined in assessing, the claimant's subjective symptoms. The ALJ also noted that Walker had complained to her treating physicians about, among other things, headaches and dizziness. The ALJ found that although Walker's medically determinable impairments could reasonably be expected to produce the symptoms she alleged, Walker's statements concerning the intensity, persistence and limiting effects of her symptoms were "not entirely credible," a finding that encompassed her testimony about her side effects.[5]

Furthermore, given the record, the ALJ was not under a duty to elicit further information about Walker's medication side effects. Nothing in Walker's testimony suggested that her headaches and dizziness were severe enough to be disabling either alone or in combination with her other impairments. Apart from her own subjective statements, there is no evidence in the record that any of Walker's other symptoms actually were caused by her medications. A consulting, examining physician noted that Walker's symptoms were "possibly perpetuated by

[5]Walker does not challenge on appeal the ALJ's adverse credibility finding.

excessive weight." Additionally, medical records from Walker's treating physicians reflect that while she complained of many symptoms, she did not report any of them as medication side effects other than occasional hallucinations she believed were caused by Wellbutrin. The ALJ explicitly found that the hallucinations Walker experienced – which Walker testified were helped by medication, but which she previously had told her treating physician were caused by Wellbutrin – were not disabling because they lasted only one or two minutes and Walker had learned to ignore them.

**C.    Appeals Council's Denial of Review**

If, in requesting review, a claimant submits new and material evidence that relates to the period on or before the ALJ's decision, the Appeals Council is required to consider it. See 20 C.F.R. § 404.970(b). The Appeals Council considers the entire record, including the new evidence, and "will then review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." Id. When the Appeals Council denies review based on new evidence, "a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1262 (11th Cir. 2007).

Here, the Appeals Council accepted Walker's new evidence, but denied

review because it did not provide a basis for changing the ALJ's decision. We agree. The pharmacy information sheets and excerpts from the Physicians' Desk Reference showed only that the symptoms Walker testified she experienced were known sometimes to be caused by the medications she was taking. This new information did not contradict the ALJ's finding that Walker's testimony as to the severity of her symptoms (including her side effects) was not entirely credible and that, even with her symptoms, she retained the ability to perform light exertion consistent with her residual functional capacity. Because the pharmacological information did not render the ALJ's decision contrary to the weight of the evidence as a whole, the Appeals Council did not err in denying review.

**AFFIRMED.**