[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11595
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 6, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-00180-MP-AK

KENNETH G. GOODMAN,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,
Michael J. Astrue,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 6, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Kenneth Goodman appeals from the district court's order affirming the

Social Security Commissioner's denial of his application for disability benefits.[1]

Goodman argues that the Administrative Law Judge ("ALJ") erred by finding that his intellectual functioning and mood disorder were not severe impairments.[2] Goodman relies on a psychological evaluation finding that he had borderline intellectual functioning and a "poor" ability to function in several areas. However, the ALJ afforded those findings little weight because they contradicted the record on the whole, which demonstrated that Goodman's mental condition had no more than a minimal effect on his ability to do basic work activities. See Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). The ALJ provided specific and detailed reasons for this finding, which Goodman does not challenge on appeal and which we conclude are supported by substantial evidence. See Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005). We further find no reversible error in the ALJ's use of the Medical Vocational Guidelines instead of a vocational expert when determining Goodman's ability to perform jobs in the

---

[1] "[W]e review de novo the legal principles upon which the Commissioner's decision is based. However, we review the resulting decision only to determine whether it is supported by substantial evidence. Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (internal citations omitted).

[2] Goodman also argues that chronic pain and neuropathy were severe impairments, but we do not address these arguments because he failed to raise them in the district court. See Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999).

national economy.  See Passopulos v. Sullivan, 976 F.2d 642, 648 (11th Cir. 1992).  Accordingly, we affirm.

**AFFIRMED.**