[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 19, 2010
JOHN LEY
CLERK

No. 09-12472
Non-Argument Calendar

_____

D. C. Docket No. 07-00394-CV-CAR-5

MARILYN ROBINSON,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(February 19, 2010)

Before BLACK, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Marilyn Robinson appeals the district court's order affirming the Social

Security Administration's ("SSA") denial of her application for disability insurance benefits and supplemental security income, 42 U.S.C. § 405(g). The Administrative Law Judge ("ALJ") found that Robinson had several severe impairments–fibromyalgia, degenerative disc disease, obstructive lung disease and asthma, osteoarthritis and chondromalacia of the knees, and obesity– that prevented her from performing her past relevant work, but denied her disability benefits because she retained the residual functional capacity to perform light work. Robinson then presented new evidence to the Appeals Council, which upheld the ALJ's decision. On appeal, Robinson argues that: (1) the ALJ erred by not making explicit findings regarding her chronic fatigue syndrome ("CFS"); (2) the Appeals Council erred by not making explicit findings regarding the new evidence–i.e. an affidavit from her treating physician that indicated that Robinson had a walking limitation; (3) the ALJ's credibility determination was not supported by the substantial evidence; and (4) the ALJ and the Appeals Council erred by failing to recontact treating and consultative doctors and by failing to order a consultative exam to determine Robinson's residual functional capacity.

## I. CHRONIC FATIGUE SYNDROME

Robinson first argues that the ALJ erred by failing to account for her CFS in

its report.  We review <u>de novo</u> the legal principles that underlie the Commissioner's decision in Social Security cases.  <u>Moore v. Barnhart</u>, 405 F.3d 1208, 1211 (11th Cir. 2005).  However, the Commissioner's final decision regarding disability is reviewed under the substantial evidence test, which requires that the administrative decision be based on "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  <u>Id.</u>  "This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence."  <u>Id.</u> (citing <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983)).

The Social Security Act "contemplates that disability hearings will be individualized determinations based on evidence adduced at a hearing."  <u>Heckler v. Campbell</u>, 461 U.S. 458, 467, 103 S. Ct. 1952, 1957, 76 L.Ed.2d 66, 74 (1983); <u>see also</u> <u>Miles v. Chater</u>, 84 F.3d 1397, 1400 (11th Cir. 1996).  A claimant is entitled to a hearing that is both full and fair.  <u>Miles</u>, 84 F.3d at 1400.  At such a hearing, the burden is primarily on the claimant to prove that she is disabled and therefore entitled to receive Social Security benefits.  <u>See</u> <u>Doughty v. Apfel</u>, 245 F.3d 1274, 1278 (11th Cir. 2001);  20 C.F.R. §§ 404.1512(a) (disability), 416.202-03 (SSI).  The ALJ must determine, among other things, if the claimant's impairment is severe and whether, in light of the claimant's function residual

3

capacity, age, education, and work experience, the claimant can perform work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).

"An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). A severe impairment, on the other hand, causes more than "a minimal limitation on a claimant's ability to function." Doughty, 245 F.3d at 1278. "[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). The mere existence of an impairment does not reveal the extent to which it limits a claimant's ability to work, nor does it "undermine the ALJ's determination" regarding her ability to work. Moore, 405 F.3d at 1213 n.6.

The ALJ not only has the duty to develop a full and fair record, it must also carefully weigh the evidence, giving individualized consideration to each claim that comes before it. See Miles, 84 F.3d at 1401. "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in [its] decision, so long as the ALJ's decision" enables us "to conclude that [the ALJ] considered [the

4

claimant's] medical condition as a whole." Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (quotation omitted). Moreover, although the ALJ has a duty to develop a full and fair record, there must be a showing of prejudice before we will remand for further development of the record. Brown, 44 F.3d at 935.

Here, Robinson, who was represented at the hearing before the ALJ, did not allege that she was disabled due to CFS either when she filed her claim or at her May 2006 hearing. Consequently, the ALJ had no duty to consider Robinson's CFS diagnosis. Pena v. Chater, 76 F.3d 906, 909 (8th Cir. 1996) (holding that a claimant's failure to list an impairment, either in her application for disability benefits or through her testimony, disposes of the claim, because the ALJ was under no "obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability"). Nevertheless, although the ALJ did not mention CFS specifically, it did note Robinson's chronic fatigue along with Robinson's other impairments. Upon reviewing the ALJ's report, we are convinced that the ALJ considered Robinson's medical condition as a whole and that the ALJ's decision was supported by substantial evidence. Moreover, the Plaintiff provides no indication that her CFS created functional limitations beyond those found by the ALJ. Consequently, Robinson has not shown any prejudice resulting from any failure by the ALJ to

5

make specific findings regarding her CFS diagnosis.

## II.  WALKING LIMITATION

Robinson next argues that the Appeals Council erred by failing to make any findings regarding new evidence of her walking limitation, which was referenced in a disabled person's license plate affidavit completed by her treating physician. The Appeals Council must consider new, material, and chronologically relevant evidence and must remand the case if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record."  20 C.F.R. § 404.970(b); Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007).  The Appeals Council must show in its written denial of review that it has adequately evaluated the new evidence.  Epps v. Harris, 624 F.2d 1267, 1273 (5th Cir. 1980).  The Appeals Council may deny review if, even in light of the new evidence, it finds no error in the opinion of the ALJ.  Ingram, 496 F.3d at 1262. When the Appeals Council refuses to consider new evidence submitted to it, that decision is also subject to judicial review because it amounts to an error of law. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994).

When reviewing the Appeals Council's denial of review, we must "look at the pertinent evidence to determine if the evidence is new and material, the kind of

evidence the Appeals Council must consider in making its decision whether to review an ALJ's decision." Falge v. Apfel, 150 F.3d 1320, 1324 (11th Cir. 1998). "New" evidence is evidence that is non-cumulative, and "material" evidence is evidence that is "relevant and probative so that there is a reasonable possibility that it would change the administrative result." Milano v. Bowen, 809 F.2d 763, 766 (11th Cir. 1987) (quotation omitted).

SSA regulations provide that a medical opinion of a treating source is entitled to controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). A treating source is defined as the claimant's own physician or psychologist who has provided the claimant with medical treatment or evaluation, and who has had an ongoing relationship with the claimant. 20 C.F.R. § 416.902. A physician or psychologist is not a treating source if the relationship "is not based on [the claimant's] need for treatment or evaluation, but solely on [the claimant's] need to obtain a report in support of [the claim] for disability." Id. Additionally, the opinion of a treating source may be discounted where the opinion is not supported by objective medical evidence or is merely conclusory. See Johns v. Bowen, 821 F.2d 551, 555 (11th Cir. 1987).

Here, Robinson did not provide the ALJ with her treating physician's affidavit, and the ALJ had no duty to consider evidence that was not before it. Therefore, the affidavit of Robinson's treating physician evidence was "new" when it was presented to the Appeals Council. It was also "material" because there was a reasonable probability that, if credited, it would change the administrative result. Thus the Appeals Council properly considered the evidence in conjunction with the evidence already in the record when it reviewed the ALJ's decision. The Appeals Council stated in its decision that it considered the evidence and found that it did not provide a basis for changing the ALJ's decision. Under our precedent, the Appeals Council was free to discount the treating physician's opinion concerning Robinson's walking limitation because that opinion was inconsistent with the physician's other assessments and with other substantial evidence. Therefore, the Appeals Council did not err in upholding the ALJ's denial of benefits without making any specific findings concerning the walking limitation.

## III. CREDIBILITY DETERMINATION

On her third point of error, Robinson appeals the ALJ's determination that her claims were not entirely credible, arguing that this determination is not

supported by substantial evidence. We will not disturb a credibility finding that is supported by substantial evidence. Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995).

If proof of disability is based upon subjective evidence and making a credibility determination is critical to the ALJ's decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote, 67 F.3d at 1562. Explicit credibility findings are "necessary and crucial where subjective pain is an issue." Id. When a plaintiff attempts to establish disability through her own testimony concerning pain or other subjective symptoms, she must show "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence that confirms the severity of the alleged pain stemming from that condition; or (b) that the objectively determined medical condition is so severe that it can reasonably be expected to cause the alleged pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002).

If the ALJ chooses not to credit the claimant's testimony, it must discredit the testimony explicitly and articulate explicit and adequate reasons for doing so. Dyer, 395 F.3d at 1210. The ALJ cannot discredit testimony as to the intensity or persistence of pain and fatigue solely based on the lack of objective medical

evidence. See 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2); see also Moore, 405 F.3d at 1211-12 (noting that the "hallmark" of fibromyalgia is the lack of objective evidence, but holding that an ALJ does not err in finding a claimant not credible based on the inconsistencies between a claimant's descriptions of her diverse daily activities and her claims of infirmity); Todd v. Heckler, 736 F.2d 641, 642 (11th Cir. 1984) (explaining that pain alone may be disabling and that it is improper for an ALJ to require objective medical evidence to support a claim of disabling pain).

In reaching a conclusion regarding a claimant's disability, the ALJ considers all of the evidence presented, including prior work records, the claimant's statement about her symptoms, evidence submitted by a claimant's treating or nontreating source, and observations by other persons. 20 C.F.R. § 404.1529(c)(3). Inconsistencies or conflicts between a claimant's statements and the other evidence are also considered. Id. § 404.1529(c)(4); see also Dyer, 395 F.3d at 1212. The testimony of other observers may be taken as evidence of a claimant's subjective feelings of pain. See Bloodsworth, 703 F.2d at 1240. Even if the ALJ fails to make an explicit credibility determination as to a friend's testimony or statements, however, we will not find error if the credibility determination was implicit in the rejection of the claimant's testimony. Tieniber v. Heckler, 720 F.2d 1251, 1254-55 (11th Cir. 1983).

Although a claimant's admission that she participates in daily activities for short durations does not necessarily disqualify the claimant from disability benefits, Lewis, 125 F.3d at 1441, that does not mean it is improper for the ALJ to consider a claimant's daily activities at all, see 20 C.F.R. §§ 404.1529(c)(3)(I), 416.929(c)(3)(I) (specifically listing the claimant's daily activities as one of the factors to consider in evaluating the claimant's symptoms). The ALJ, when evaluating a claimant's subjective symptoms, can also consider such things as: (1) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (2) precipitating and aggravating factors; (3) adverse side-effects of medications, and (4) treatment or measures taken by the claimant for relief of symptoms. See 20 C.F.R. § 404.1529(c)(3)(i)-(iv); see also Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (holding that an ALJ's determination on side effects was proper where the claimant did not complain about side effects nor did the record disclose any concerns about side effects by the doctors examining the claimant).

Substantial evidence supports the ALJ's finding that Robinson was not entirely credible. Many of Robinson's descriptions of her infirmity were inconsistent with the substantial medical documentation and with her own descriptions of her daily activities. The ALJ properly supported his credibility

determination by noting, among other things, that Robinson complained at the hearing about medication side-effects, but that she had not complained of these side effects to her treating physicians; that she exaggerated concerning the severity of her knee injury; and that her complaints seemed "far out of proportion to the underlying medical evidence" as described in her medical reports. Additionally, the evidence relied on by Robinson on appeal does not bolster her credibility, as it was conclusory and contradicted by substantial evidence. Therefore, we discern no error in the ALJ's determination that Robinson's testimony was not entirely credible.

## IV. FAILURE TO RECONTACT PHYSICIANS

Finally, Robinson argues that both the ALJ and Appeals Council erred by failing to recontact treating and consultative doctors and by failing to order a consultative exam to determine Robinson's residual functional capacity. "[A] hearing before an ALJ is not an adversarial proceeding" and "the ALJ has a basic obligation to develop a full and fair record." Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Accordingly, the ALJ must probe into all relevant facts, even where a claimant is represented by counsel. Cowart, 662 F.2d at 735.

A claimant has a "very heavy" burden to demonstrate both a qualifying

12

disability and an inability to perform past relevant work.  Moore, 405 F.3d at 1211; 20 C.F.R. § 404.1520.  An assessment of a claimant's residual functional capacity is based upon all of the relevant evidence and measures a claimant's ability to do work despite her impairments.  See Lewis, 125 F.3d at 1440.  The ALJ makes this determination by considering the claimant's ability to "meet the physical, mental, sensory, and other requirements of work."  20 C.F.R. § 416.945(a)(4).  The Commissioner has found that a claimant retains the residual functional capacity to adjust to other work only if she can do so on a "regular and continuing basis," which means "8 hours a day, for 5 days a week, or an equivalent work schedule."  Kelley v. Apfel, 185 F.3d 1211, 1214 (11th Cir. 1999) (quoting Social Security Ruling 96-8p).

The ALJ "has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the [ALJ] to make an informed decision."  Ingram, 496 F.3d 1253, 1269 (11th Cir. 2007); see also 20 C.F.R. §§ 404.1519a(b), 416.919a(b) (detailing situations requiring a consultative examination for DIB and SSI claimants).  According to Social Security regulations, an ALJ should recontact a claimant's treating physician if the evidence in the record is otherwise inadequate to determine whether the claimant is disabled.  20 C.F.R.

13

§§ 404.1512(e), 416.912(e). Social Security Ruling 96-5p provides:

> if the evidence does not support a treating sources's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make 'every reasonable effort' to recontact the source for clarification of the reasons for the opinion.

Soc. Sec. Rul. 96-5p.

"In evaluating the necessity for a remand, we are guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995) (quotations omitted). The likelihood of unfair prejudice may arise if there is an evidentiary gap that "the claimant contends supports her allegations of disability." Id. at 936 n.9.

The ALJ did not discount Robinson's limitations, as it found that she did in fact have severe impairments that prevented her from performing her past relevant work. In light of the substantial evidence in the record, including the vocational expert's testimony, the ALJ had the necessary information to determine Robinson's impairments, her residual functional capacity, and her ability to work. We note that the task of determining a claimant's residual functional capacity and ability to work is within the province of the ALJ, not of doctors. Moreover, Robinson has not shown that she suffered prejudice as a result of any failure of the ALJ to perform further factfinding, because there is no evidence ALJ's decision

14

would have changed in light of any additional information.  Consequently, the ALJ did not err by not requesting an additional consultative examination or by failing to recontact treating or examining physicians.

Upon careful consideration, we find no error in the determinations of the ALJ or Appeals Council.  For the foregoing reasons, we affirm.

**AFFIRMED.**