[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15750

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00050-CV-HLM-4

MARTI R. MANSFIELD,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner of Social
Security Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 31, 2010)

Before TJOFLAT, CARNES and REAVLEY,* Circuit Judges.

PER CURIAM:

---

*Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth Circuit, sitting by designation.

Marti Rebecca Mansfield appeals the district court's decision affirming the Social Security Administration's denial of her application for a period of disability and disability insurance benefits. She contends that: (1) the ALJ erred by failing to give substantial weight to the opinion of her treating physician; (2) the Appeals Council inadequately explained its decision to deny review; and (3) the district court erred in concluding that additional evidence Mansfield submitted to the Appeals Council in support of her request for review would not have changed the administrative result.

I.

In January 2005 Mansfield applied for a period of disability and disability insurance benefits, claiming disability from fibromyalgia, multiple sclerosis, and depression. After a hearing before an administrative law judge, her application was denied in January 2008. The ALJ determined that Mansfield had several severe impairments that prevented her from performing her past relevant work but denied her application because he found that Mansfield retained the residual functional capacity to perform jobs that existed in significant numbers in the national economy. Mansfield requested review by the Appeals Council and submitted additional evidence in support of her request. In February 2009 the Appeals Council denied Mansfield's request for review, and the Commissioner

2

adopted the ALJ's findings as final. Mansfield appealed to the district court, which in turn adopted the magistrate judge's recommendation to affirm the Commissioner's decision. This is Mansfield's appeal from the district court's judgment.

## II.

Mansfield contends that the ALJ erred by failing to give substantial weight to the opinion of her treating physician, Dr. Kevin Brown, that she was unable to perform any kind of gainful employment and should be considered permanently disabled. "It is well-established that the testimony of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (quotation marks omitted). "Good cause" exists when: "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Phillips v. Barnhart, 357 F.3d 1232, 1240–41 (11th Cir. 2004); see also Edwards v. Sullivan, 937 F.2d 580, 583–84 (11th Cir. 1991) (good cause existed where the treating physician's opinion was not supported by objective medical evidence and was contradicted by the physician's own clinical notes); McSwain v. Bowen, 814 F.2d

617, 619 (11th Cir. 1987) (good cause existed where only the treating physician concluded that the claimant was totally disabled and his opinion was not supported by clinical evidence).

Substantial evidence supports the ALJ's decision not to give Dr. Brown's opinion significant weight. Dr. Brown's opinion that Mansfield was unable to perform any type of gainful employment was conclusory and not supported by objective medical evidence. See Phillips, 357 F.3d at 1240–41; McSwain, 814 F.2d at 619. It also conflicted with the opinions of Mansfield's non-treating physicians that she was capable of carrying out simple instructions and that her problems were due primarily to psychosocial stressors. Dr. Brown's opinion that Mansfield was permanently disabled is a legal conclusion reserved to the Commissioner. See 20 C.F.R. §§ 404.1527(e), 416.927(e). The ALJ had good cause to reject Dr. Brown's opinion.

III.

In denying review of the ALJ's decision, the Appeals Council stated that it had considered the additional evidence Mansfield submitted but was denying review because that evidence did not provide a basis for overturning the ALJ's decision. Mansfield contends that the Appeals Council inadequately explained its decision to deny review. She argues that it was required to explain in non-

4

conclusory terms why the additional evidence she submitted would not have changed the administrative result.

We disagree. When a claimant properly presents new evidence to the Appeals Council and it denies review, "a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1262 (11th Cir. 2007). Because a reviewing court must evaluate the claimant's evidence anew, the Appeals Council was not required to provide a more thorough explanation than it did. See id.

IV.

Mansfield also contends that the district court erred in concluding that the additional evidence she submitted to the Appeals Council would not have changed the outcome of the ALJ's decision. In support of her request for review, Mansfield submitted: (1) medical records showing that Dr. William Naguszewski, a neurologist, administered nerve conduction studies and an EMG in December 2007 and that those studies had abnormal results but showed no evidence of acute or chronic denervation; (2) a "Visual Evoked Response Report" prepared by Dr. Naguszewski showing that Mansfield's visual acuity was 20/25; and (3) a transcript of a statement that Dr. Naguszewski gave to Mansfield's attorney in which he stated that Mansfield qualified for a multiple sclerosis diagnosis and met

the listing requirements of 11.09(B).

The district court did not err in determining that the additional evidence Mansfield submitted would not have changed the outcome of the ALJ's decision. Dr. Naguszewski's multiple sclerosis diagnosis was not sufficient to establish that Mansfield was disabled under the Social Security Act. See Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991). His opinion that Mansfield's impairment met listing 11.09(B) went to an issue that is reserved to the Commissioner, and it was also based primarily on medical records that had been considered by the ALJ. See 20 C.F.R. §§ 404.1527(e), 416.927(e). The results of the nerve conduction studies and "Visual Evoked Response Report" also failed to establish that the ALJ's decision was against the weight of the evidence in the record. The EMG showed no evidence of acute or chronic denervation, and the Visual Evoked Response Report at most only confirmed that Mansfield suffered from multiple sclerosis. No error occurred.

**AFFIRMED.**