[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13394
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:09-cv-01233-DAB

RAYMOND LAMAR BURGIN,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 30, 2011)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Raymond Burgin appeals from the district court's order affirming the

Commissioner's denial of disability insurance benefits, 42 U.S.C. § 405(g), and

supplemental security income, 42 U.S.C. § 1383(c)(3).  Burgin asserts several issues on appeal, which we address in turn.  After review, we affirm the Commissioner's denial of benefits.[1]

## I.

Burgin first asserts the ALJ erred when he determined Burgin's edema, sleep apnea, and morbid obesity were not severe impairments because they did not impose vocationally-restrictive limitations for a period of 12 consecutive months.

To obtain Social Security disability benefits, a claimant must show: (1) he is not performing substantial gainful activity; (2) he has a severe impairment; (3) the impairment or combination of impairments meets or equals an impairment listed in the regulations; or (4) he cannot return to past work; and (5) he cannot perform other work based on his age, education, and experience.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520 and 416.920.

The finding of any severe impairment, based on either a single impairment or a combination of impairments, is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire

---

[1]We conduct a limited review of the ALJ's decision to determine whether it is supported by substantial evidence and whether it is based on proper legal standards.  *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Under the substantial evidence standard, "[e]ven if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence."  *Id.* at 1158-59 (citation omitted).

medical condition, including impairments the ALJ determined were not severe. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir.1987); *see also Phillips*, 357 F.3d at 1238. The ALJ must make specific and well-articulated findings as to the effect of the combination of all of the claimant's impairments. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir.1984). However, a clear statement that the ALJ considered the combination of impairments constitutes an adequate expression of such findings. *See Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991).

Substantial evidence supports the ALJ's finding that Burgin's sleep apnea, obesity, and edema were not severe because they did not impose vocationally-restrictive limitations for a period of 12 continuous months.[2] Specifically, the ALJ discussed in detail Burgin's medical records and testimony, which included all of his diagnosed ailments as well as his claimed limitations stemming from those ailments. Even assuming the ALJ erred when he concluded Burgin's edema, sleep apnea, and obesity were not severe impairments, that error was harmless because the ALJ considered all of his impairments in combination at later steps in the

---

[2]Additionally, Burgin cites *Ryan v. Heckler*, 762 F.2d 939 (11th Cir. 1985), for the proposition that the ALJ did not comply with his obligation to state the legal rules applied or the weight he accorded to the evidence and failed to consider the evidence Burgin submitted establishing that his edema, sleep apnea, and obesity caused additional functional limitations. This case is distinguishable from *Ryan*, however, because a limited and meaningful review is possible based on the information contained in the ALJ's report.

evaluation process.[3]  *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir.1991)

(applying the harmless error doctrine to social security cases).

## II.

Burgin next claims the AC inadequately explained its decision to deny

review because it gave no indication of the weight it gave to the newly submitted

evidence[4] or the legal standards it applied.  Further, Burgin argues the AC did not

consider or discuss the impact of this evidence on his claims.

The AC must consider new, material, and chronologically relevant evidence

and must review the case if the ALJ's decision is contrary to the weight of the

record evidence.  20 C.F.R. § 404.970(b); *Ingram v. Comm'r*, 496 F.3d 1253, 1261

(11th Cir. 2007).  When a claimant properly presents new evidence to the AC and

it denies review, we essentially consider the claimant's evidence anew to

determine whether "that new evidence renders the denial of benefits erroneous."

*Id.* at 1262.  Thus, because a reviewing court must evaluate the claimant's

evidence anew, the AC is not required to provide a thorough explanation when

denying review.  *Id.*

---

[3]The ALJ proceeded further in the sequential evaluation process because he determined that Burgin had a severe impairment due to his obstructive pulmonary disease.

[4]Burgin submitted medical questionnaires completed by three of his health care providers, pharmacy information sheets, in which he had circled the side effects he experienced, and pages from the Physicians Desk Reference.

The AC considered and incorporated the additional evidence submitted by Burgin into the record. Contrary to Burgin's argument, the AC was not required to explain its denial of review. *See Ingram*, 496 F.3d at 1261.

Further, the AC did not err in refusing to remand to the ALJ based on the new evidence Burgin submitted because the probative value of that evidence was slight and did not render the denial of benefits erroneous. *Id.* at 1262. Specifically, the AC was free to give little weight to the conclusory assertions contained in the questionnaires because they merely consisted of items checked on a survey, with no supporting explanations. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (determining that the opinions, diagnosis, and medical evidence of a treating physician must be given substantial or considerable weight unless they are conclusory).

## III.

Burgin further contends the ALJ has a duty to consider the side effects of his medications and to elicit testimony and make findings regarding the effect of those medications upon his ability to work.

Where a represented claimant raises a question as to the side effects of medications, but does not otherwise allege the side effects contribute to the alleged disability, we have determined the ALJ does not err in failing "to inquire

5

further into possible side effects." *Cherry v. Heckler*, 760 F.2d 1186, 1191 n.7 (11th Cir. 1985). Further, if there is no evidence before the ALJ that a claimant is taking medication that cause side effects, the ALJ is not required to elicit testimony or make findings regarding the medications and their side effects. *Passopulos v. Sullivan*, 976 F.2d 642, 648 (11th Cir. 1992); *see also Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990) (holding that where the claimant did not complain about the side effects from her prescription medications, other than an isolated mention that they might be responsible for causing her headaches, and where the record did not disclose any concerns from her doctors about side effects, substantial evidence supported the determination that the side effects did not present a significant problem).

The record establishes the ALJ did not err by failing to consider the alleged side effects of Burgin's medications. Because Burgin was represented by counsel at his hearing, the ALJ was not required to inquire in detail about his alleged side effects. *See Cherry*, 760 F.2d at 1191 n.7. Moreover, because there was no evidence Burgin was experiencing side effects from his medication, the ALJ was not required to make findings regarding his side effects when assessing his subjective complaints. *See Passopulos*, 976 F.2d at 648. Accordingly, we affirm the district court's order affirming the Commissioner's denial of disability

6

insurance benefits and supplemental security income.

**AFFIRMED.**