[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11466

_____

D.C. Docket No. 4:11-cv-00231-HLM

EDUARDO PATRICIO CACES,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 27, 2014)

Before WILSON, Circuit Judge, and BUCKLEW,[*] and LAZZARA,[**] District Judges.

 PER CURIAM:

Eduardo Caces appeals from the district court's judgment affirming the administrative law judge's ("ALJ") denial of his application for disability insurance benefits, 42 U.S.C. § 405(g).  He first argues that the ALJ erred in failing to call a medical adviser to testify about the onset date of his disability.  Second, he argues that the ALJ erred in making a credibility conclusion without articulating his reasons, and that he erred in his credibility determination because the medical evidence supports Caces's symptoms and because the ALJ gave too much weight to the opinions of the non-examining medical consultants.  Finally, Caces argues that the Appeals Council erred in failing to make specific findings about newly submitted evidence and in denying review.

## A.  <u>ALJ's Failure to Call A Medical Expert</u>

Although Social Security Rulings are not binding, we accord the rulings great respect and deference if the underlying statute is unclear and the legislative history offers no guidance.  *B. B. ex rel. A. L. B. v. Schweiker,* 643 F.2d 1069, 1071

---

[*] Honorable Susan C. Bucklew, United States District Judge for the Middle District of Florida, sitting by designation.
[**] Honorable Richard L. Lazzara, United States District Judge for the Middle District of Florida, sitting by designation.

(5th Cir. 1981).[1]  Social Security Ruling 83-20 prescribes the policy and procedure by which the Commissioner should determine the onset date of a disability.  *See* SSR 83-20.  It defines the onset date as "the first day an individual is disabled as defined in the Act and the regulations."  SSR 83-20.  "In addition to determining that an individual is disabled, the decisionmaker must also establish the onset date of disability," which may be critical to determinations such as the period for which the individual will be paid.  *Id.*

Caces filed for disability benefits on August 3, 2007, alleging that the date of onset of disability was June 22, 2006, the same day he underwent spinal fusion surgery.  Caces initially enjoyed overall improvement after the surgery. Approximately three months after the surgery, physical therapy caused increased back pain for which he received various types of injections.  The injections and other pain medication proved moderately successful with an injection in November 2006 providing immense relief.  He did not seek or receive any other treatment or undergo further surgery until after the date he was last insured, which was December 31, 2006.

After a hearing, the ALJ found that his severe impairments relating to his lumbar and obesity did not individually or in combination meet or equal a listed

---

[1]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

impairment through the date last insured.  The ALJ further determined after careful consideration of the entire record that Caces had the residual functional capacity to perform limited light work through the date last insured, and was not under a disability at any time from June 22, 2006, through December 31, 2006.  None of the medical records presented to the ALJ or the Appeals Council indicate that Caces suffered a disability at any time before his insured status ended.

Despite the adequacy of the medical records in this case, Caces argues that *March v. Massanari*, No. 00-16577, 265 F.3d 1065 (Table) (11th Cir. Jul. 10, 2001), an unpublished opinion,[2] is controlling and therefore remand is appropriate to determine the date of onset of disability.  The ALJ in *March* found that the claimant was not disabled before the date last insured, based on the absence of sufficient medical evidence for the period of insurance from which to ascertain the date of onset.  All of March's physicians who treated him several years after the date he was last insured, however, determined that he evidenced signs of bipolar disorder at least six years before his insured status ended.  Thus, the uncertain date of onset for March would need to be inferred, given the sparse medical record predating the date last insured and the overwhelming evidence that came to light after the date last insured from his then treating physicians.  The circumstances of

---

[2] Unpublished decisions of this Court are not binding precedent.  *See* 11th Cir. R. 36-2. We nevertheless address *March* because Caces claims his case is "on all fours" with *March* and therefore mandates remand.

*March* presented precisely the situation under SSR 83-20 calling for a medical advisor to assist in determining an inferred onset date.

Unlike *March*, this case does not involve the uncertainty of an onset date of disability based on the medical records, or lack thereof, generated during the insured period. The file in this case before the ALJ and the Appeals Council is replete with medical evidence that supported the finding that Caces was not disabled at any time between the date of the alleged onset in June 2006 and the date last insured of December 31, 2006. There was no need for assistance from a medical advisor to determine the date of onset because the unambiguous medical evidence shows Caces was not disabled before the date of last insured.

The plain language of SSR 83-20 indicates that it is applicable only after there has been a finding of disability and it is then necessary to determine when the disability began. *See CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1224-25 (11th Cir. 2001) (noting that in construing a statute, we look to the plain meaning of the actual language). In this case, the ALJ found that Caces was not disabled prior to the date last insured based on ample, unambiguous medical evidence from both before and after the date last insured. Therefore, because the ALJ did not find that Caces was disabled, and because that finding is supported by the evidence, the ALJ did not err in failing to call a medical expert to determine an onset date of such a disability. Accordingly, we affirm with respect to this issue.

## B.  ALJ's Credibility Determination

In order to be eligible for disability insurance benefits, a claimant must demonstrate a disability on or before the last date on which he was insured.  42 U.S.C. § 423(a)(1)(A).  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).  Because Caces's date last insured was December 31, 2006, his appeal requires a showing of disability on or before that date.  *See Moore*, 405 F.3d at 1211.  In Social Security appeals, we review the decision of an ALJ as the Commissioner's final decision when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  We review the Commissioner's legal conclusions *de novo* and consider whether the Commissioner's factual findings are supported by substantial evidence.  *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002) (per curiam).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

When a claimant attempts to establish disability through his own testimony concerning pain or other subjective symptoms, we apply a three-part test, which requires "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to

6

give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam).

If the record shows that the claimant has a medically determinable impairment that could reasonably be expected to produce his symptoms, the ALJ must evaluate the intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers all of the record, including the objective medical evidence, the claimant's history, and statements of the claimant and his doctors. *Id.* § 404.1529(c)(1)— (2). The ALJ may consider other factors, such as: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) any precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of the claimant's medication; (5) any treatment other than medication; (6) any measures the claimant used to relieve pain or symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions due to pain or symptoms. *Id.* § 404.1529(c)(3). The ALJ then will examine the claimant's statements regarding his symptoms in relation to all other evidence, and consider whether there are any inconsistencies or conflicts between those statements and the record. *Id.* § 404.1529(c)(4).

"After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam). The ALJ must explicitly and adequately articulate his reasons if he discredits subjective testimony. *Id.* The testimony of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Nevertheless, we upheld in *Edwards v. Sullivan* the ALJ's reliance on a non-examining physician's report in denying disability benefits when the report did not contradict information in examining physicians' reports. 937 F.2d 580, 584-85 (11th Cir. 1991).

The ALJ specifically and adequately articulated his reasons for discrediting Caces and substantial evidence supported that determination. Having found that the objective medical findings were consistent with the residual functional capacity assessment given near the end of the insured period, the ALJ properly determined the magnitude of the complaints inconsistent to the extent the pain would impair Caces from performing reduced light work. Throughout the insured period, the medical findings indicate that the pain was controlled with medication and injections without incident. During the first three months after the surgery, his symptoms improved significantly, permitting him to walk normally with greater ease.

8

In discrediting the subjective complaints, the ALJ correctly gave "little weight" to the medical evidence presented by Dr. Chappuis because he did not begin treating Caces until March 2008, long after his date last insured had passed. The ALJ gave appropriate weight to the two state medical consultants whose opinions supported a finding that Caces was able to perform limited light work prior to and through the date last insured. Although the evidence showed a progressive worsening of Caces's condition over a time period extending past his date last insured, the record did not support Caces's assertions of pain so severe, persistent, and limiting such that he was rendered disabled before his date last insured. Accordingly, we affirm as to this issue.

## C.  Denial of Review by the Appeals Council

The Appeals Council has discretion not to review the ALJ's denial of benefits; however, if the claimant submits new noncumulative and material evidence to the Appeals Council after the ALJ's decision, it must consider such evidence where it relates to the period on or before the date of the ALJ's hearing decision. 20 C.F.R. § 404.970(b); *see also Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Appeals Council must adequately evaluate the new evidence. *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980). Where the Appeals Council does not adequately evaluate new evidence, but instead perfunctorily adheres to the ALJ's decision, the

9

Commissioner's findings are not supported by substantial evidence. *Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984).

Apart from the Appeals Council's decision, we review *de novo* the district court's judgment. *See Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). When new evidence is submitted to and accepted by the Appeals Council and it denies review, the district court conducts a new review of the evidence independently of the Appeals Council. *Id.* at 1266. The district court must consider the new evidence submitted to the Appeals Council and determine whether the Commissioner's decision is contrary to the weight of the evidence currently of record. 20 C.F.R. § 404.970(b); *Id.* "[B]ecause a reviewing court must evaluate the claimant's evidence anew, the [Appeals Council] is not required to provide a thorough explanation when denying review." *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 903 (11th Cir. 2011) (per curiam) (citing *Ingram*, 496 F. 3d at 1262).[3]

The new evidence submitted by Caces to the Appeals Council consisted of additional treatment notes from Dr. Kabakibou, a surgeon and pain management specialist, from 2002 through 2007. Caces argues that Dr. Kabakibou's repeated diagnosis of failed back syndrome before December 31, 2006, remained

---

[3] *See also Mansfield v. Astrue*, 395 F. App'x 528, 530 (11th Cir. 2010) (per curiam) (holding same); *Robinson v. Astrue*, 365 F. App'x 993, 997 (11th Cir. 2010) (per curiam) (determining that Appeals Council did not err in failing to make specific findings).

unchanged, as did the reports of pain, through October 2007, when he told Caces to apply for disability benefits.  This additional evidence, however, does not change the substantial evidence that the medication and injections moderately controlled the pain, with the injection given on November 8, 2006, helping "tremendously." Even though Dr. Kabakibou diagnosed Caces with failed back syndrome, low back pain, and other conditions before and after the insured status expired, he never indicated any functional limitations or work restrictions, nor did he consider Caces disabled, at any time on or before December 31, 2006.

The Appeals Council did not err in denying review in light of Caces's new evidence.  The Appeals Council adequately considered the new evidence and expressly found that it did not provide a basis for changing the ALJ's decision. Caces's newly submitted evidence would not have changed the ALJ's conclusion. Nothing in the record suggests that, with respect to the time period of June 2006 through December 31, 2006, Caces was functionally limited such that he could not perform at a reduced range of light work.  Accordingly, we affirm.

**AFFIRMED.**