Ashley Nicole SULLIVAN,
Plaintiff-Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant-
Appellee.

No. 16-16896
Non-Argument Calendar

United States Court of Appeals,
Eleventh Circuit.

(May 23, 2017)

N. Albert Bacharach, Jr., N. Albert Bacharach, Jr., PA, Gainesville, FL, Chantal J. Harrington, Chantal J. Harrington, PA, Jacksonville, FL, for Plaintiff-Appellant

Brian C. Huberty, Rebecca Ringham, Depak Sathy, Mary Ann Sloan, John C. Stoner, Susan Kelm Story, Social Security Administration, Office of the General Counsel, Atlanta, GA, Arthur Lee Bentley, III, John F. Rudy, III, U.S. Attorney's Office, Tampa, FL, for Defendant-Appellee

Before TJOFLAT, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Ashley Nicole Sullivan appeals the district court's order affirming the Commissioner of Social Security's denial of her application for disability insurance benefits. She argues the Administrative Law Judge ("ALJ") failed to adequately address the impact of her impaired fine motor speed, brachydactyly, and syndactyly on her ability to work. She also argues the ALJ incorrectly credited a medical opinion as supporting Sullivan's ability to perform

full time work. After careful review, we affirm the district court.

## I.

Sullivan applied for disability benefits on June 21, 2011, alleging a disability onset date of November 1, 2010. After her application was denied, she requested and received a hearing before an ALJ. Based on the evidence presented at the hearing, the ALJ denied Sullivan benefits. Sullivan asked the Appeals Council to review the ALJ's decision, but it declined. As a result, the ALJ's decision became the final decision of the Commissioner. Sullivan then filed a complaint in the district court seeking review of the Commissioner's decision. The district court affirmed the Commissioner's decision. This appeal followed.

## II.

We review the Commissioner's decision to see if it is "supported by substantial evidence and based on proper legal standards." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation omitted). Substantial evidence means "more than a scintilla and is such relevant evidence as a reasonable person would accept to support a conclusion." Id. (quotation omitted). Under this standard of review, we cannot "decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." Id. (quotation omitted and alteration adopted). The person applying for disability must prove that she is disabled. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).

## A.

▪ Sullivan first argues the ALJ failed to adequately address her impaired fine motor speed, brachydactyly, and syndactyly.[1] Specifically, she says the ALJ failed to consider two doctors' reports. The record shows, as Sullivan claims, that one doctor said her "[f]ine motor speed was severely impaired bilaterally." And another diagnosed her with brachydactyly and syndactyly.

Ordinarily, we review the Commissioner's decision to see if it is "supported by substantial evidence and based on proper legal standards." Winschel, 631 F.3d at 1178 (quotation omitted). However, Sullivan did not allege these conditions in her application nor did she raise them at her hearing before the ALJ. A claimant applying for disability must prove that she is disabled. Moore, 405 F.3d at 1211. And Sullivan was represented by counsel at her hearing before the ALJ. Cf. Brown v. Shalala, 44 F.3d 931, 934–35 (11th Cir. 1995) (per curiam) (noting that where a claimant was not represented, the ALJ has a "special duty" to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts" (quotation omitted)). In a case like this, persuasive authority convinces us that this claim cannot proceed because Sullivan failed to allege it to the ALJ and therefore could not have proven her disability on this basis. See Pena v. Chater, 76 F.3d 906, 909 (8th Cir. 1996) (holding the ALJ had "no obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability" (quotation omitted)); see also Robinson v. Astrue, 365 Fed.Appx. 993, 995–96 (11th Cir. 2010) (per curiam) (unpublished) (same); Street v. Barnhart, 133 Fed.Appx. 621, 627–28 (11th Cir. 2005) (per curiam) (unpublished) (same). We therefore find no reversible error by the ALJ on this claim.

---

1. In simpler terms, brachydactyly is the shortening of the fingers and toes, and syndactyly is the failure of fingers or toes to completely separate from each other.

### B.

■ Sullivan next argues the ALJ erred by misreading a doctor's opinion about her ability to perform work. She says the ALJ incorrectly gave "great weight" to the doctor's statement that Sullivan could function at a "much more independent level than her current activities suggest." She points out that the doctor qualified that statement by saying she was at an "extremely limited level of independence at this point" and that "this will most likely be a very gradual process." As a result, she claims the ALJ did not correctly credit this doctor's opinion.

However, the record shows the ALJ considered the qualifications in the doctor's report. The ALJ pointed out the doctor diagnosed Sullivan with a learning disorder and had noted Sullivan's "slow speed of work," "overly-child-like" presentation, and tendency "to defer to her stepfather for any responses." And the ALJ also noted the doctor did not impose any mental work restrictions on Sullivan. Because the doctor's findings were consistent with the rest of the evidence, the ALJ gave the findings "great weight."

Our review in this case is limited. We cannot reweigh the evidence or substitute our judgment for the ALJ's. Winschel, 631 F.3d at 1178. This record shows the ALJ considered the doctor's findings, including the qualifications of those findings, in making an assessment that fit with the rest of the evidence. On this record, the ALJ's decision was supported by substantial evidence. See id. We therefore affirm the district court.

**AFFIRMED.**