[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14926
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-01170-MCR

TRINDELL CURTIS MORRISON,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 1, 2016)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Trindell Curtis Morrison appeals the district court's order affirming the Commissioner of Social Security's (the "Commissioner") denial of his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), 42 U.S.C. §§ 405(g) and 1383(c)(3).   Because the Commissioner's decision is insufficient to enable meaningful appellate review, we vacate and remand to the district court with instructions to remand this case for further findings at the administrative level.

In 1994, Morrison sustained serious injuries after falling nearly 30 feet to the ground when the cherry-picker bucket in which he was working detached from the supporting boom.  Morrison was diagnosed with "multiple trauma with fractured liver" at the emergency room, and he had surgery to repair his intestines.  Since the incident, Morrison has suffered from voice stuttering and involuntary muscle movements, causing his hands in particular to shake.  In 1995, Morrison's treating psychiatrist, Atul Shah, M.D., diagnosed him with depression and conversion disorder,[1] meaning that his physical symptoms likely arose from the psychological stress of the falling incident and did not have an underlying physical cause.

After the accident, Morrison filed an application for DIB, which was granted in April 1996 on "Reconsideration or FedRO Review," according to a disability

---

[1] Conversion reaction, or conversion disorder, is a condition in which psychological stress is shown in physical ways, typically affecting movement or senses, such as the ability to walk, swallow, see, or hear. *See Conversion Disorder–Mayo Clinic*, Mayo Clinic, Feb. 27, 2014, http://www.mayoclinic.org/diseases-conditions/conversion-disorder/basics/definition/con-20029533 (last visited June 15, 2016).

report prepared by an interviewer at a disability field office in September 2010. Morrison represents that he was awarded benefits beginning in June 1995, and he continued to receive benefits through August 2004.[2] Morrison states that his benefits stopped in 2004 because he failed to respond to the Commissioner's request for paperwork—a failure he attributes to his mental impairments.

Morrison filed the current applications for DIB and SSI in August and September 2010, respectively. Morrison alleged a disability onset date of December 14, 1994, the date of his injury. In connection with his applications, Morrison requested that the Commissioner reopen the 2004 decision terminating benefits and reinstate his disability status from that point forward.

Following a hearing before an administrative law judge ("ALJ"), at which Morrison was represented by counsel, the ALJ issued a decision finding that Morrison "ha[d] not been under a disability within the meaning of the Social Security Act from December 14, 1994, through the date of this decision," June 1, 2012. In his decision, the ALJ did not address Morrison's request for reopening or otherwise mention Morrison's prior receipt of DIB from 1995 to 2004.

The ALJ found, in relevant part, that Morrison had the following severe impairments:  pain disorder, status post remote injury to liver, cocaine and

---

[2] The decisions granting, and later terminating, Morrison's DIB do not appear to be part of the record on appeal, but the Commissioner does not dispute that Morrison received DIB from 1995 to 2004, so we assume as much for purposes of this appeal.

marijuana abuse in remission, hypertension, degenerative disc disease, degenerative joint disease, conversion reaction, voice stammer, and antisocial personality disorder. The ALJ concluded that, despite these impairments, Morrison could engage in sedentary work with various limitations.

The Appeals Counsel denied Morrison's request for review, making the ALJ's decision the Commissioner's final decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The Appeals Council observed that the ALJ should have addressed Morrison's request for reopening but found that the error was harmless because it would not have changed the outcome of the decision.

Morrison sought judicial review in federal district court. *See* 42 U.S.C. § 405(g). Among other arguments, Morrison contended that the ALJ improperly and without explanation reopened the merits of the prior, favorable disability claim. In support, he cited this Court's decision in *Cash v. Barnhart*, 327 F.3d 1252 (11th Cir. 2003), among other authorities. Morrison pointed out that the ALJ found that he had not been disabled since 1994, despite Morrison's prior disability claim and his receipt of benefits from June 1995 through August 2004. Morrison also highlighted the ALJ's decision to discredit the 1995 opinion of Dr. Shah in favor of medical reports and evidence prepared in 2010 and 2011.

The district court[3] affirmed the ALJ's decision.  In a footnote, the court found that Morrison had waived his argument that the ALJ effectively reconsidered his prior disability status.  The court stated, "To the extent that Plaintiff claims the ALJ effectively reopened or reconsidered his prior application simply by reconsidering record evidence, Plaintiff failed to support his argument and it is therefore waived."  Doc. 36 at 17 n.3.  Morrison appeals.

We exercise plenary review over the district court's decision affirming the final decision of the Commissioner, *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002), as well as over the court's determination of whether it has subject-matter jurisdiction, *Gupta v. McGahey*, 709 F.3d 1062, 1064–65 (11th Cir. 2013).  We review the Commissioner's decision to determine whether it is supported by substantial evidence and based on proper legal standards.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  *Id.*  Though our review is deferential, the Commissioner's failure "to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th

---

[3] A magistrate judge conducted the proceedings and entered final judgment by consent of the parties.  *See* 28 U.S.C. § 636(c).  For purposes of this opinion, we refer to the magistrate judge as the "district court."

Cir. 1994); *Ryan v. Heckler*, 762 F.2d 939, 941 (11th Cir. 1985) ("We cannot, however, conduct a review that is both limited and meaningful if the ALJ does not state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered.").

On appeal, Morrison again argues that the ALJ in fact reopened his prior, favorable disability claim in deciding his current applications for DIB and SSI. Though the district court found that Morrison had waived this issue, we conclude that it has been preserved.  To preserve an issue for appeal, the party must raise the "specific issue to the district court" so that the district court has "an opportunity to consider the issue and rule on it."  *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).  Generally, this means that the issue must be plainly and prominently raised, with supporting arguments and citations to the evidence and to relevant authority. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

In the district court, Morrison adequately raised the specific issue, even if he could have done so in clearer terms.  He devoted a discrete section of his brief to the issue, *see* Doc. 34 at 14 ("SECTION THREE[:]  WHETHER OR NOT THE ALJ RE-OPENED THE PRIOR DISABILITY APPLICATION"), he supported his argument with citations to the record and to supporting authority, citing *Cash* for example, and he developed his argument with enough specificity to give the

district court the opportunity to address the issue and rule on it, *see Jones*, 190 F.3d at 1228.  Accordingly, the district court erred in finding the issue waived.

Though the issue of whether the ALJ effectively reopened the prior disability claim is properly before us, there is still a question of our subject-matter jurisdiction to address it.  In general, the Commissioner's refusal to reopen a claim is an interim decision, not a "final decision" subject to judicial review under 42 U.S.C. § 405(g).  *Cash*, 327 F.3d at 1256.

Nonetheless, we have recognized that subject-matter jurisdiction exists "where a final decision on a prior social security claim is in fact reopened and reconsidered on the merits to any extent on the administrative level."  *Id*. (internal quotation marks omitted).  To come within the exception, it is not enough for the ALJ simply to reference evidence related to the prior application:

> The ALJ . . . must be allowed some leeway to evaluate how newly presented evidence relates back to the prior application in order to determine whether to reopen the case pursuant to 20 C.F.R. §§ 404.988, 404.989. Specifically, this court has held that an ALJ does not reopen a prior final decision when the ALJ evaluates evidence presented in support of the original application solely to make a reasoned determination of its res judicata effect on the second application.

*Passopulos v. Sullivan*, 976 F.2d 642, 646 (11th Cir. 1992) (citations omitted).

Rather, the prior decision "will be deemed reopened if the ALJ does not apply res judicata and bases an ultimate determination on a review of the record in the prior

7

application." *Id.*; *see also Wolfe v. Chater*, 86 F.3d 1072, 1079 (11th Cir. 1996); *Brown v. Sullivan*, 921 F.2d 1233, 1237 (11th Cir. 1991); *Cherry v. Heckler*, 760 F.2d 1186, 1189 (11th Cir. 1985). The general aim of this exception is "to demand compliance with the [Commissioner's] regulations on reopening." *Passopulos*, 976 F.2d at 647 ("The effect of our rulings on de facto reopenings was to restrain the discretion of ALJs to disregard the regulations and declare that a reopening has not occurred when a reopening has, in fact, occurred.").

On the record before us, we conclude that subject-matter jurisdiction exists under § 405(g) because the ALJ in fact reopened and reconsidered the prior disability claim.[4] *See Cash*, 327 F.3d at 1256. The ALJ in this case concluded that Morrison was not under a disability from December 1994 through June 2012. Yet it appears that Morrison's prior claim for DIB was granted in April 1996 and that he received DIB from June 1995 through August 2004. In other words, the ALJ's current decision (not disabled from 1994 to 2012) effectively changed, or reconsidered, the result of his prior claim (disabled from 1995 to 2004). The ALJ did not account for Morrison's prior claim or explain this apparent inconsistency.

Moreover, in determining that Morrison had not been under a disability since 1994, the ALJ evaluated evidence that likely was presented in support of

---

[4] Cases addressing *de facto* reopening usually involve a prior disability claim that was denied, whereas in this case the prior claim was granted. Nevertheless, neither party suggests any reason—and we fine none apparent—why the general rules set forth above would not apply in this context also.

8

Morrison's original application, and not for the purpose of making a "reasoned determination of its res judicata effect on the second application." *See Passopulos*, 976 F.2d at 646. Specifically, the ALJ discredited the medical opinion of Dr. Shah, a board certified psychiatrist Morrison began seeing in March 1995, who opined in a November 1995 affidavit that Morrison suffered from depression and conversion reaction, that his prognosis was poor because his symptoms were prolonged and likely would not improve significantly, and that his condition was totally disabling for employment purposes. The ALJ discredited Dr. Shah's opinion in part because "later evidence shows the claimant has greater functional abilities than those determined by Dr. Shah." In doing so, the ALJ reconsidered evidence supporting Morrison's prior disability claim, without discussing or acknowledging the prior claim, in denying his current applications. *See id.*

The Commissioner responds that Morrison has not shown that the prior decision awarding DIB in fact relied on Dr. Shah's 1995 opinion. Based on the timing of the April 1996 decision granting his original application, however, it seems highly likely that evidence from Dr. Shah, who began treating Morrison in March 1995, was presented in support of that application. In any case, even assuming Morrison has not shown that the prior decision relied on Dr. Shah's 1995 opinion, we are still left with an unexplained inconsistency between the original and current claims regarding Morrison's disability status from 1995 to 2004.

There may be an adequate explanation for this apparent inconsistency, but the ALJ has not provided it here. The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review. *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984). To the extent that the ALJ found that Morrison was not disabled from 1995 to 2004, that determination is inconsistent with Morrison's receipt of DIB for the same period of time. The ALJ did not explicitly discuss Morrison's original claim, the termination of benefits in 2004, or Morrison's request to reopen, effectively treating the prior claim as if it did not exist. But absent some explanation of what effect, if any, the prior claim has on Morrison's current applications, we cannot meaningfully review whether "the proper legal analysis has been conducted," including, but not limited to, whether the ALJ complied with regulations on reopening. *See Keeton*, 21 F.3d at 1066; *Passopulos*, 976 F.2d at 647.

Accordingly, for the reasons stated, we find that subject-matter jurisdiction exists under § 405(g) because the ALJ *de facto* reopened Morrison's original disability claim. On the merits, we conclude that the ALJ's decision is insufficient to enable meaningful review, and we therefore vacate the district court's order affirming the ALJ's decision and remand with instructions to the district court to

10

remand for further findings at the administrative level consistent with this opinion.[5]

Nothing in this opinion should be construed as binding with regard to the factual matters to be addressed upon remand.

**VACATED AND REMANDED WITH INSTRUCTIONS**.

---

[5] Because we remand for further proceedings, we do not address Morrison's other contentions, including that the ALJ failed to understand or adequately account for his conversion disorder, that his conversion disorder satisfied the requirements of Listing 12.07, that the ALJ improperly discounted Dr. Shah's medical opinion, and that substantial evidence does not support the ALJ's determination of Morrison's residual functional capacity.